1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

ANTHONY GOTT,

          Plaintiff,

   v.

ASCENDTEK, LLC

          Defendant.

Case No. _____

ORIGINAL CLASS ACTION
COMPLAINT

JURY TRIAL DEMANDED

CLASS ACTION PURSUANT TO
FED. R. CIV. P. 23

**ORIGINAL CLASS ACTION COMPLAINT**

Plaintiff Anthony Gott ("Gott") brings this action, individually and on behalf of all others similarly situated (collectively, "Plaintiff and the Class Members"), against AscendTek, LLC ("AscendTek") to recover unpaid compensation and attorneys' fees and costs pursuant to the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101—2109 (the "WARN Act"). AscendTek violated the WARN Act when it terminated Plaintiff and the Class Members without providing sufficient (or any) advance written notice.

**I.**

**OVERVIEW**

1.     This is a class action under FED. R. CIV. P. 23 brought pursuant to the WARN Act to recover unpaid compensation.

CLASS ACTION COMPLAINT - 1

ANDERSON ALEXANDER, PLLC
101 N. Shoreline Blvd, Suite 610
Corpus Christi, TX 78401
(361)452-1284

2.      Plaintiff and the Class Members are those similarly situated persons who worked for AscendTek, were home-based out of the Kent, Washington office (the "Kent Office"), and were not provided any notice prior to the permanent closure of the Kent Office and their termination in December of 2023.

3.      Plaintiff and the Class Members were employees of AscendTek and were terminated without cause on or about December of 2023, as part of or as the reasonably expected consequence of a plant closing, which was effectuated by AscendTek on or about that date.

4.      AscendTek failed to give Plaintiff and the Class Members prior written notice of their termination and the plant closure of their single site of employment.

5.      Nor did AscendTek "give as much notice as practicable" of Plaintiff and the Class Members' termination.

6.      In fact, AscendTek gave *no* prior written notice to Plaintiff and the Class Members before it engaged in a plant closure.

7.      AscendTek's failure to provide its employees with any prior written notice had a devastating economic impact on Plaintiff and the Class Members.

8.      As a consequence, Plaintiff and the Class Members are entitled to recover from AscendTek their respective compensation and benefits for sixty (60) days, no part of which has been paid.

9.      Plaintiff also prays that the Rule 23 class is certified as defined herein, with Plaintiff Gott named as the Class Representative.

## II.

## THE PARTIES

10.     Plaintiff Anthony Gott was employed by AscendTek in Washington during the relevant time period. Plaintiff Gott did not receive any prior written notice of his termination before AscendTek engaged in a mass layoff.

CLASS ACTION COMPLAINT - 2

ANDERSON ALEXANDER, PLLC
101 N. Shoreline Blvd, Suite 610
Corpus Christi, TX 78401
(361)452-1284

1    11.    The Class Members are those former AscendTek employees who were assigned

2 the Kent, Washington office as their home base, and were terminated without cause as part of the

3 December 2023 plant closure.

4    12.    Defendant AscendTek is a foreign limited liability corporation, licensed to and

5 doing business in the State of Washington and may be served through its registered agent for

6 service of process: **C T Corporation System, 711 Capitol Way STE 204, Olympia,**

7 **Washington, 98501-1267.**

8                                      **III.**

9                          **JURISDICTION & VENUE**

10    13.    This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. §

11 1331 as this is an action arising under 29 U.S.C. § 2104(a).

12    14.    This Court has specific personal jurisdiction over AscendTek because Plaintiff's

13 claims arose within this District as a result of AscendTek's conduct within this District and

14 Division.

15    15.    Venue is proper in the Western District of Washington because this is a judicial

16 district where a substantial part of the events or omissions giving rise to the claim occurred.

17    16.    Specifically, Plaintiff Gott worked for AscendTek in Kent, Washington, which is

18 located within this District and Division.

19    17.    Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

20                                      **IV.**

21                          **ADDITIONAL FACTS**

22    18.    AscendTek is a telecommunications infrastructure services company operating

23 across the United States.[1]

24    19.    AscendTek employs several hundred of employees across the United States.

25

26 ───────────────

27 [1] https://ascendtekllc.com/about

CLASS ACTION COMPLAINT - 3

ANDERSON ALEXANDER, PLLC
101 N. Shoreline Blvd, Suite 610
Corpus Christi, TX 78401
(361)452-1284

1    20.    To provide its services, AscendTek employed more than fifty (50) employees out

2  of the Kent Office, which managed all of AscendTek's West Coast operations throughout the

3  states of Washington, Oregon, and California.

4    21.    Prior to his termination, Plaintiff Gott was employed by AscendTek as a Tower

5  Technician.

6    22.    Many of the Class Members also worked as Tower Technicians.

7    23.    As Tower Technicians, Plaintiff and Class Members were employed by

8  AscendTek to travel from site to site across the West Coast to build, upgrade, and repair

9  telecommunications towers.

10    24.    Plaintiff and the Class Members received their work instructions and reported to

11  the Kent Office, as this site was their designated home base.

12    25.    Plaintiff and the Class Members' supervisors were also based in the Kent Office.

13    26.    Pursuant to 20 C.F.R. § 639.3(i)(6), the Kent Office qualified as the single site of

14  employment for Plaintiff and the Class Members.

15    27.    In December 2023, AscendTek permanently closed the Kent Office, without

16  providing prior warning or notice to the Plaintiff and Class Members.

17    28.    In December 2023, while working from home, Plaintiff Gott noticed that he had

18  not received his regular salary on his designated payday.

19    29.    Plaintiff Gott attempted to contact his home office—the Kent Office—via

20  telephone but was unable to reach anyone.

21    30.    Plaintiff Gott was eventually able to reach a fellow Class Member, who informed

22  him that AscendTek had just closed the Kent Office and terminated all employees who were based

23  out of the Kent Office.

24    31.    Plaintiff Gott learned from this call with the fellow Class Member that AscendTek

25  had closed the office and terminated all of its personnel without warning.

26    32.    Plaintiff Gott's termination was without cause.

27

CLASS ACTION COMPLAINT - 4

ANDERSON ALEXANDER, PLLC
101 N. Shoreline Blvd, Suite 610
Corpus Christi, TX 78401
(361)452-1284

1    33.    AscendTek never directly informed Plaintiff Gott that he was terminated, but

2    instead simply ceased paying him.

3    34.    At least fifty (50) and as many as one hundred (100) employees were terminated

4    without cause by AscentTek as part of the plant closure of the Kent Office.

5    35.    The closure of the Kent Office by AscendTek resulted in the loss of employment

6    within a thirty (30) day period of at least fifty (50) and as many as one hundred (100) employees,

7    excluding part-time employees.

8    36.    Plaintiff Gott and the Class Members did not receive written notice at least sixty

9    (60) days in advance of the termination of their employment, nor did they receive as much notice

10    as practicable under the circumstances.

11    37.    Indeed, AscendTek did not provide any notice of the intended plant closure of the

12    Kent Office to Plaintiff and the Class Members prior to their termination that informed them

13    whether the closure was intended to be permanent or temporary, the expected date of closure, an

14    indication of whether bumping rights existed, or the name and telephone number of AscendTek

15    officials to contact.

16    38.    At all material times, AscendTek employed 100 or more employees, exclusive of

17    part-time employees (that is, those employees who had worked fewer than 6 of the 12 months

18    prior to the date notice was required to be given or who had worked fewer than an average of 20

19    hours per week during the 90 day period prior to the date notice was required to be given; the

20    "Part-Time Employees"), or employed 100 or more employees who in the aggregate worked at

21    least 4,000 hours per week exclusive of hours of overtime within the United States.

22    39.    The terminations in December 2023 of persons who worked for AscendTek out of

23    the Kent Office—Plaintiff and the Class Members—resulted in the loss of employment for fifty

24    (50) or more employees, excluding Part-Time Employees.

25    40.    The Kent Office was not a temporary facility, and the Plaintiff and Class Members

26    were not hired with the understanding that their employment was limited to the duration of a

27    specific project or undertaking.

CLASS ACTION COMPLAINT - 5

ANDERSON ALEXANDER, PLLC
101 N. Shoreline Blvd, Suite 610
Corpus Christi, TX 78401
(361)452-1284

41.     The closure of the Kent Office was not the result of a strike or a natural disaster.

42.     Because AscendTek was obligated under the WARN Act to provide notice to Plaintiff and the Class Members of the plant closure prior to their termination but failed to do so, AscendTek violated the WARN Act.

43.     Plaintiff and the Class Members seek to recover all unpaid wages and other damages owed under the WARN Act as a class action under FED. R. CIV. P. 23.

**V.**

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**(Class Action Alleging Violation of the WARN Act)**

**A.     WARN ACT COVERAGE**

44.     Paragraphs 1–43 are fully incorporated herein.

45.     The Class is defined as:
**ALL FORMER ASCENDTEK, LLC EMPLOYEES WHO WERE BASED OUT OF THE KENT, WASHINGTON OFFICE AND WERE TERMINATED WITHIN NINETY (90) DAYS PRECEDING THE CLOSURE OF THE KENT, WASHINGTON OFFICE ("Class Members").**

46.     At all material times, Plaintiff and the Class Members have been entitled to the rights, protections, and benefits provided under the WARN Act, 29 U.S.C. § 2101.

47.     AscendTek was, and is, subject to the notice and back pay requirements of the federal WARN Act because AscendTek is a business enterprise that employed 100 or more employees, excluding part-time employees, and/or employed 100 or more employees who, in the aggregate, work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§ 2101(a)(1)(A) & (B).

48.     The permanent closure of the Kent Office qualified as a plant closure under the WARN Act as fifty (50) or more employees based out of the Kent Office, excluding part-time

CLASS ACTION COMPLAINT - 6

ANDERSON ALEXANDER, PLLC
101 N. Shoreline Blvd, Suite 610
Corpus Christi, TX 78401
(361)452-1284

1    employees, lost their employment with AscendTek due to the Kent Office's closure. 29 U.S.C. §

2    2101(a)(2).

3    **B.    FAILURE TO PROVIDE NOTICE IN COMPLIANCE WITH THE WARN ACT**

4    49.    The WARN Act regulates the notice an employer must provide to employees who

5    will be terminated due to the employer's plant closure or mass layoff, as well as the back pay and

6    other associated benefits affected employees are due based on a violation of the required notice

7    period.

8    50.    Pursuant to the WARN Act, 29 U.S.C. § 2102 and 20 C.F.R. §§ 639.1-639.10,

9    AscendTek was required to provide the affected employees at least sixty (60) days prior written

10    notice of the termination, or notice as soon as practicable, explaining why the sixty (60) days prior

11    notice was not given.

12    51.    AscendTek violated the federal WARN Act by failing to provide the required

13    notice to Plaintiff and the Class Members

14    52.    AscendTek failed to pay Plaintiff and the Class Members their respective wages,

15    salary, commissions, bonuses, accrued holiday pay, and accrued vacation for sixty (60) working

16    days following their termination and failed to make the pension and 401(k) contributions, provide

17    other employee benefits, and pay their medical expenses for sixty (60) calendar days from and

18    after the dates of their termination.

19    53.    Section 2103 of the WARN Act exempts certain employers from the notice

20    requirements of the Act. 29 U.S.C. §§ 2103(1)-(2).

21    54.    None of the WARN Act exemptions apply to AscendTek.

22    55.    Accordingly, Plaintiff and the Class Members must receive the notice and back

23    pay required by the WARN Act, 29 U.S.C. §§ 2102, 2104.

24    56.    Plaintiff and the Class Members have been damaged by AscendTek's conduct

25    constituting violations of the WARN Act and are entitled to damages for their back pay and

26    associated benefits for each day of the violation because of AscendTek's acts or omissions.

27

CLASS ACTION COMPLAINT - 7

ANDERSON ALEXANDER, PLLC
101 N. Shoreline Blvd, Suite 610
Corpus Christi, TX 78401
(361)452-1284

57.     AscendTek is in possession and control of necessary documents and information from which Plaintiff Gott would be able to precisely calculate damages.

58.     The proposed Class of sought to be certified pursuant to the WARN Act is defined in Paragraph 45.

59.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of AscendTek.

**C.    WARN ACT CLASS ALLEGATIONS**

60.     Plaintiff and the Class Members bring their WARN Act claim as a class action pursuant to FED R. CIV. P. 23 on behalf of all similarly situated individuals employed by AscentTek.

61.     Class action treatment of Plaintiff and the Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

62.     The number of Class Members is so numerous that joinder of all class members is impracticable.

63.     Plaintiff Gott's WARN Act claims share common questions of law and fact with the claims of the Class Members.

64.     Plaintiff Gott is a member of the Class, his claims are typical of the claims of other Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other Class Members.

65.     Plaintiff Gott and his counsel will fairly and adequately represent the Class Members and their interests.

66.     Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

67.     Accordingly, the Class should be certified as defined in Paragraph 45.

CLASS ACTION COMPLAINT - 8

ANDERSON ALEXANDER, PLLC
101 N. Shoreline Blvd, Suite 610
Corpus Christi, TX 78401
(361)452-1284

**VI.**

**RELIEF SOUGHT**

68.    Plaintiff Gott respectfully prays for judgment against AscendTek as follows:

a.    For an Order certifying the Class as defined in ¶ 45, and designating Plaintiff Gott as the Representative for the Class;

b.    For an Order pursuant to the WARN Act finding AscendTek liable for compensatory damages in an amount equal to at least the amounts provided under 29 U.S.C. § 2104(a) found due to Plaintiff and the Class Members

c.    For an Order awarding the costs of this action;

d.    For an Order awarding attorneys' fees;

e.    For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

f.    For an Order awarding Plaintiff Gott a service award as permitted by law;

g.    For an Order compelling the accounting of the books and records of AscendTek, at AscendTek's expense (should discovery prove inadequate); and

h.    For an Order granting such other and further relief as may be necessary and appropriate.

CLASS ACTION COMPLAINT - 9

ANDERSON ALEXANDER, PLLC
101 N. Shoreline Blvd, Suite 610
Corpus Christi, TX 78401
(361)452-1284

1    DATED this 16th day of May, 2024.

2

3                                         FRANK FREED SUBIT & THOMAS LLP

4
                                          By:     */s/ Michael C. Subit*
5                                                 Michael C. Subit, WSBA # 29189
                                                  705 Second Avenue, Suite 1200
6                                                 Seattle, WA 98104
                                                  Telephone: (206) 682-6711
7                                                 Email:  msubit@frankfreed.com

8                                         ANDERSON ALEXANDER, PLLC

9                                         By:     Clif Alexander *(Pro Hac Vice Anticipated)*
                                                  Texas Bar No. 24064805
10                                                Austin Anderson *(Pro Hac Vice Anticipated)*
                                                  Texas Bar No. 24045189
11                                                101 N. Shoreline Blvd, Suite 610
                                                  Corpus Christi, TX 78401
12                                                Telephone: (361) 452-1279
                                                  Facsimile: (361) 452-1284
13                                                Email: clif@a2xlaw.com
                                                          austin@a2xlaw.com
14

15                                        *Attorneys for Plaintiff and the Class Members*

16

17

18

19

20

21

22

23

24

25

26

27

CLASS ACTION COMPLAINT - 10